UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM J. SCHOEN,

        Plaintiff,

v.                            Case No:  2:14-cv-411-FtM-38CM

HEALTH MANAGEMENT
ASSOCIATES, INC.,

        Defendant.

_____/

## ORDER[1]

This matter comes before the Court on review of the docket.  Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Any doubt "must be resolved in favor of recusal." Murray v. Scott, 253 F.3d 1308, 1310 (11th Cir. 2001). When considering recusal, the potential conflict must be considered as it applies to the entire case.  Id. at 1310-11. A judge contemplating recusal should not ask whether he or she believes he or she is capable of impartially presiding over the case but whether "[the judge's] impartiality might reasonably be questioned." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988).  A judge, however, has a duty to sit when there is no legitimate reason to recuse as when the law and facts require. United States vs. Malmsberry, 222 F. Supp. 2d 1345 (11th Cir. 2002) (citation omitted). Moreover, 28

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

U.S.C. § 455(b) provides certain situations in which partiality is presumed and recusal is required.[1] After reviewing the explicitly enumerated conflicts of interest in which recusal is mandatory under § 455(b), if the Court does not find that any apply, the judge is obligated to continue to preside over the case. See Lawal v Winners International Rests Co. Ops., Inc., No. 1:04-CV-0913-WSD, 2006 WL 898180 at * 4 (N.D. Ga. Apr. 6, 2006).

In this instance, I find that I must recuse myself to avoid the appearance of partiality. A close family member is employed with Defendant Health Management Associates, Inc.  Therefore, there is a legitimate reason to recuse as my impartiality may be reasonably questioned.

Accordingly, it is now **ORDERED:**

The undersigned is **RECUSED** from this instant case. The Clerk of the Court is directed to reassign the case to another United States District Judge.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of July, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[1]Subsection 455 (b)(1) requires a judge to disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."; 455 (b)(2): "[w]here in private practice [the judge] served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it."; 455 (b)(3): where the judge "served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."; 455(b)(4): where a judge "knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."; or 455(b)(5)(i): where the judge "or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person... [i]s party to the proceeding, or an officer, director, or trustee of a party."; 455(b)(5)(ii): where the judge "or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person... is acting as a lawyer in the proceeding."