**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
FORT MYERS DIVISION

CASE NO. 14-CV-00411-JES-CM

WILLIAM J. SCHOEN,

Plaintiff,

vs.

HEALTH MANAGEMENT ASSOCIATES, INC.,

Defendant.

# CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1))**<br>[Court recommends 30 days after CMR meeting] | October 17, 2014 |
| **Certificate of Interested Persons and Corporate Disclosure Statement**<br>[each party who has not previously filed must file immediately] | Completed |
| **Motions to Add Parties or Amend Pleadings**<br>[Court recommends 1-2 months after CMR meeting | December 5, 2014 |
| **Disclosure of Expert Reports**<br>Plaintiff:<br>Defendant:<br><br>[Court recommends last exchange 6 months before trial 1-2 months before discovery deadline to allow expert depositions] | <br>May 8, 2015<br>June 5, 2015 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Fact Discovery Deadline**<br>[Court recommends last exchange 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date]<br><br>**Expert Discovery Deadline** | July 3, 2015<br><br>August 7, 2015 |
| **Dispositive Motions, *Daubert*, and *Markman* Motions**<br>[Court requires 4 months or more before trial term begins] | September 4, 2015 |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement**<br>[(14) days before Joint Final Pretrial Statement] | November 6, 2015 |
| **Joint Final Pretrial Statement (Including a Single Set of Jointly-Proposed Jury Instructions and Verdict For [a Word or WordPerfect version may be e-mailed to the Chambers mailbox] Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)**<br>[Court recommends 3 weeks before Final Pretrial Conference and no later than 7 days before the Final Pretrial Conference] | November 20, 2015 |
| **All Other Motions Including Motions *In Limine*, Trial Briefs**<br>[Court recommends 3 weeks before Final Pretrial Conference] | November 20, 2015 |
| **Final Pretrial Conference**<br>[Court will set date that is approximately 3 weeks before trial] | December 18, 2015 |
| **Trial Term Begins**<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term **must** **not** be less than 4 months after (month, year) dispositive motions deadline (unless filing of such motions is waived). Trials before the District Judge will generally be set on a rolling trial term toward the beginning of each month, with a Final Pretrial Conference to be set by the Court the preceding month. If the parties consent to trial before the Magistrate Judge, they will be set for a date certain after consultation with the parties] | January 11, 2016 |
| **Estimated Length of Trial** [trial days] | 7 days |
| **Jury / Non-Jury** | Jury |
| **Mediation**<br>Deadline: | <br>August 14, 2015 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mediator:<br>Address:<br><br>Telephone:<br><br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | To be determined |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes _____ No __X___<br><br>Likely to Agree in the Future __No___ |

## I. Meeting of Parties

Lead counsel shall meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A) and with the Court's permission, (D.E. 24), a telephonic conference was held on September 3, 2014 at 3:00 p.m. and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Thomas Garlick and Shaun Garry | William J. Schoen |
| Peter Doyle and Andrew Thomson | Health Management Associates, Inc. |

## II. Preliminary Pretrial Conference

Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are **mandatory in Track Three cases.**

**Track Two cases:** Parties (check one) [ ] request [ X ] do not request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

N/A.

**III. Pre-Discovery Initial Disclosures of Core Information**

**Fed. R. Civ. P. 26(a)(1)(A) - (D) Disclosures**

Fed. R. Civ. P. 26, as amended, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the court (the amendment(s) to Rule 26 superseded Middle District of Florida Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements);

The parties (check one) [ ] have exchanged [ X ] agree to exchange information described in Fed. R. Civ. P. 26(a)(1)(A)-(D) on or by October 17, 2014 (date).

Below is a description of information disclosed or scheduled for disclosure:

Information required by Fed. R. Civ. P. 26(a)(1)(A).

**IV. Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section III above, and agree that (check one):

__ no party anticipates the disclosure or discovery of ESI in this case;

X one or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed.

A. The form or forms in which ESI should be produced.

B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F. Any issues relating to preservation of discoverable ESI.

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section V.F. below on Confidentiality Agreements.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:



If there are disputed issues specified above, or elsewhere in this report, then (check one):

___ one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.

_X_ all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**V. Agreed Discovery Plan for Plaintiffs and Defendants**

**A. Certificate of Interested Persons and Corporate Disclosure Statement Statement**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee shall file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper – including emergency motion – is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

___X__ Yes

_______ No

**B. Discovery Not Filed**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (e). The parties further agree as follows:

No further agreements.

**C. Limits on Discovery**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31 (a)(2)(A). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R. Civ. P. 33(a). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed. R. Civ. P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions: No further limits

2. Interrogatories: No further limits

3. Document Requests: Plaintiff proposes a limitation of 2 rounds of document requests; Defendant does not agree to this limitation.

4. Requests to Admit: Plaintiff proposes a limitation of 2 rounds of requests to admit; Defendant does not agree to this limitation.

5. Supplementation of Discovery: No further limits

**D. Discovery Deadline**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows: No further agreements.

**E. Disclosure of Expert Testimony**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to opinions, basis, reasons, data, and other information disclosure in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony: No further agreements.

**F. Confidentiality Agreements**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F. 2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F. 2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. (See Local Rule 1.09). The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. See Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows: to the extent necessary, the parties will discuss appropriate confidentiality agreement(s) to protect personal financial information, trade and business secrets, etc.

**G. Electronically Stored Information and Claims of Privilege**

Pursuant to Fed. R. Civ. P. 16, the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production: None.

**H. Other Matters Regarding Discovery**

None.

**VI. Settlement and Alternative Dispute Resolution**

**A. Settlement –**

The parties agree that settlement is

[ ] Likely [X] Unlikely

The parties request a settlement conference before a United States Magistrate Judge

[ ] Yes [X] No [ ] Likely to Request in Future

**B. Arbitration –**

Local Rule 8.02(a) defines those civil cases that will be referred to arbitration automatically. Does this case fall within the scope of local Rule 8.02(a)?

[ ] Yes [X] No

For cases not falling within the scope of Local Rule 8.02(a), the parties consent to arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b)

[ ] Yes [X] No [ ] Likely to agree in future

[ ] Binding [ ] Non-Binding

In any civil case subject to arbitration, the Court may substitute mediation for arbitration upon a determination that the case is susceptible to resolution through mediation. Local Rule 8.02(b). The parties agree that this case is susceptible to resolution through mediation, and therefore jointly request mediation in place of arbitration:

[ ] Yes [X] No [ ] Likely to agree in future

**C. Mediation –**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

**D. Other Alternative Dispute Resolution –**

The parties intend to pursue the following other methods of alternative dispute resolution:

Date: September 17, 2014.

**GARLICK, HILFIKER & SWIFT LLP**
*Counsel for Plaintiff*
9115 Corsea del Fontana Way, Suite 100
Naples, Florida 34109
Telephone: (239) 597-7088

*/s/ Shaun M. Garry*
Thomas B. Garlick, Esq.
Florida Bar No. 324760
tomgarlick@garlaw.com
Shaun M. Garry, Esq.
Florida Bar No. 093412
sgarry@garlaw.com

Respectfully submitted,

**PROSKAUER ROSE LLP**
*Counsel for Health Management Associates, Inc.*
2255 Glades Road, Suite 421 Atrium
Boca Raton, Florida 33431
Telephone: (561) 241-7400

*/s/ Andrew Thomson*
Andrew B. Thomson
Florida Bar No. 057672
athomson@proskauer.com

-and-

Peter D. Doyle
(admitted *pro hac vice*)
11 Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900