IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM J. SCHOEN,

          Plaintiff,

v.

HEALTH MANAGEMENT
ASSOCIATES, INC.,

          Defendant.

Case No. 2:14-cv-411-JES-CM

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, **WILLIAM J. SCHOEN**, ("Plaintiff" or "Schoen") and hereby responds to the Motion to Dismiss filed by Defendant **HEALTH MANAGEMENT ASSOCIATES, INC.,** a Delaware corporation, ("HMA" or "Defendant") and states the following:

### INTRODUCTION

The Defendant's Motion to Dismiss should be denied for the following reasons: 1) Count I is not preempted by ERISA because it is separate and independent from Count II and states a valid claim for breach of contract; 2) Schoen properly exhausted his administrative remedies with respect to Count II and any further administrative action would be futile; 3) Schoen's declaratory judgment claim under Count III is necessary because the Defendant takes inconsistent positions on the enforceability of the employment agreement; and 4) Schoen's quantum meruit claim under Count IV is merely plead in the alternative and is proper under Florida law.

On January 2, 2001, William J. Schoen, the then Chairman of the Board of Directors of HMA, entered into a written employment agreement with HMA ("Employment Agreement"), which required Schoen to perform critical and necessary responsibilities for HMA.  There can be no reasonable dispute that both parties honored the Employment Agreement until Schoen was terminated without cause in August of 2013.  Complaint[1] at ¶15.  Surprisingly, after HMA's acquisition by Community Health Systems ("CHS") in January of 2014, HMA now takes the position that the Employment Agreement, honored by both parties for thirteen (13) years, is unenforceable because it expired some nine (9) years ago.

Moreover, HMA seeks to justify their own failure to perform their legal obligations under the Employment Agreement by pointing out that Schoen has received other compensation and benefits over his thirty one (31) year career at HMA.  Certainly that cannot be the legal standard that this Court applies, nor could it be the one that a sophisticated multi-billion dollar company uses when determining the enforceability of legal obligations under contracts. As a result of HMA's breach of the Employment Agreement and the Fourth Amended and Restated Supplemental Executive Retirement Plan ("SERP"), Schoen has been forced to bring this claim against HMA, the company that he was instrumental in turning into a Fortune 500 Company over the course of a thirty one (31) year career.

### STANDARD FOR A MOTION TO DISMISS

In deciding a motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  A complaint must state a "plausible" but not "probable" claim for relief. *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56(2007)).  The determination

---

[1] All references to the Complaint herein refer to the First Amended Complaint filed on August 22, 2014.

of whether a complaint adequately states a plausible claim is a "context-specific task," in which the factual allegations of the complaint must be examined to assess whether they are sufficient "to raise a right to relief above the speculative level." *Twombly* at 555.  To satisfy this standard, a plaintiff need not "forecast" evidence sufficient to prove the elements of the claim.  *Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012).

<u>**COUNT I**</u>

*COUNT I IS NOT PREEMPTED BY ERISA*

In Count I the Plaintiff seeks to enforce his longstanding Employment Agreement against the Defendant, specifically his severance payment for his termination without cause from HMA in August of 2013, and for HMA's breach of the aircraft obligation to him.  The Plaintiff makes no claim for any ERISA benefits under Count I.  The Defendant, seeking to sweep the entire case into an ERISA framework in an effort to delay this Court from reaching the merits of Schoen's claim, stretches their legal argument beyond the breaking point, and attempts to turn the entire body of contract law on its head.[2]  The Defendant asks this Court to hold that every single provision in an employment contract becomes an ERISA cause of action if that employment contract merely mentions any retirement benefits under a separate agreement, such as the Employment Agreement in this case.[3]  This result should be rejected by this Court.

Count I is a common law breach of contract action, seeking damages for HMA's failure to pay Schoen's severance payment upon his termination without cause, and for damages for HMA's breach of its aircraft obligation to Schoen, which are separate and independent from HMA's obligation under the SERP.  It is important to note the distinction between Schoen's

---

[2] For example, under the Defendant's logic, if HMA failed to pay Schoen his $300,000.00 salary under provision 4 of the Employment Agreement during his employment at HMA, he would have been required to file an ERISA claim in Federal Court and make demand upon the plan administrator.

[3] It should also be noted that conflict preemption is merely an affirmative defense. *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1344 (11th Cir. 2009)

Employment Agreement (Count I), a common law breach of contract based on a written contract, and SERP (Count II), which is a claim for denied benefits under an ERISA plan. The only reference in the Employment Agreement to the SERP is Section 6 which merely increased Schoen's annual retirement benefits under the SERP. The SERP itself provides no mechanism for recovery for the breach of contract claims under Count I, to wit the severance payment and the aircraft obligation.

In the 11th Circuit, the test for whether a claim relates to a plan and is thereby preempted by ERISA is ultimately a question of congressional intent. *See N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 655, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995). Because the "relate to" test is of limited utility, the Court " 'must go beyond the unhelpful text and the frustrating difficulty of defining its key term, and look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive.' " *Morstein v. Nat'l Ins. Serv., Inc.,* 93 F.3d 715, 722 (11th Cir.1996) (en banc).

To be clear, Count I is not an action "related to" or against an ERISA plan. An employee may rely on state law to redress the breach of an employment contract, notwithstanding the presence of an ERISA plan, if the factual basis of the suit is independent of the rights and duties created by the plan. *Novak v. Ackley, Ackley & Wise, D.M.D.'s, P.A.,* 2006 WL 3313852 at *2 (M.D. Fla. 2006) (unreported decision), *citing Krause v. Dresser Indus., Inc.,* 910 F.2d 674, 676, 680 (10th Cir.1990).   *See also Wilcott v. Matlack, Inc.*, 64 F.3d 1458, 1462 (10th Cir. 1995). The alleged breaches in Count I of the First Amended Complaint are separate, distinct, and independent of any claim Schoen has under the ERISA claim in Count II.   *See Wilcott v. Matlack, Inc.,* 64 F.3d 1458 (10th Cir.1995); *Krause v. Dresser Industries, Inc.,* 910 F.2d 674, 680 (10th Cir.1990). Therefore, it cannot be said that "the existence of a[n] [ERISA] plan is a

critical factor in establishing [defendant's] liability," under Count I, *Ingersoll–Rand Co.,* 498 U.S. at 139–40, 111 S.Ct. at 483, or that Schoen is simply "resorting to state law to avail [himself] of an alternative cause of action to collect [ERISA] benefits," *Airparts Co.,* 28 F.3d at 1065. *See also Wilcott v. Matlack, Inc.,* 64 F.3d 1458, 1463 (10th Cir. 1995). The Defendant cites *Dranchak v. Akzo Nobel Inc.*, a Seventh Circuit case, to support their position. 88 F.3d 457, 458 (7th Cir. 1996); however, *Dranchak* is inapplicable because the Plaintiff in *Dranchak* sought through a state law breach of contract theory, to enforce an increase his pension benefits. Schoen makes no such attempt in this case.

For example, in *Evans v. Infirmary Health Services, Inc.*, the Plaintiff sued under a written severance agreement for a breach of contract and declaratory judgment under state law. 634 F. Supp. 2d 1276, 1278 (S.D. Ala. 2009). The Defendant removed the matter to federal court and sought summary judgment on the basis of "defensive preemption" under the theory that it had an established ERISA plan, and that any severance benefits must be made under that established plan. *Id*. at 1284-1288. The Court found that even though the employer had an established ERISA plan, the claim under the severance agreement was not a claim for benefits under the ERISA plan because "her claims are directly, solely, and exclusively pegged to the written severance agreement that she and the defendant executed. She wants to enforce her rights under that Agreement, not the leadership severance policy . . . ." *Id*. at 1288. The Court went beyond this preemption analysis, and found that even the "relates to" analysis would fail because the separate severance agreement: 1) does not embody, incorporate, or summarize the ERISA plan; 2) there is no evidence that the Plaintiff would be paid from the same funds as the ERISA plan; 3) there was no evidence that the severance benefits were connected to the ERISA plan; and 4) the denial by the employer only referenced the severance agreement and not the

ERISA Plan. *Id*. at 1291.

Schoen's claims under Count I stand on all four corners with *Evans* because: 1) Schoen's claims under the Employment Agreement do not embody, incorporate or summarize the SERP; 2) there is no evidence that he would have been paid from SERP funds; 3) the specific breaches of the Employment Agreement are not connected in any way to the SERP; and 4) the Defendant only raised the preemption claim upon the filing of the instant lawsuit.

The conclusion in *Evans* (and likewise in this case) is supported by two other appellate court decisions.  First, in *Gresham v. Lumbermen's Mut. Cas. Co.*, the plaintiff brought a state-law breach of contract claim asserting that he was wrongfully denied severance benefits promised in his employment letter. 404 F.3d 253 (4th Cir. 2005).  The employer, which had a severance plan governed by ERISA, argued that the plaintiff's breach of contract claim related to that severance plan and was therefore preempted. The Fourth Circuit disagreed, holding that the breach of contract claim predicated on the severance provision of the letter agreement was not preempted, notwithstanding the presence of an ERISA-covered severance plan, where (1) "substantial differences between the severance provision of Gresham's employment agreement and the terms of the Severance Plan ... make clear that Kemper's promise to pay Gresham severance operated independently of the Severance Plan" and (2) "there is no indication in the record that severance pay awarded to Gresham pursuant to his employment agreement would be paid out of funds allocated to the Severance Plan." *Gresham,* 404 F.3d at 259.

Likewise, in *Crews v. General American Life Ins. Co.,* 274 F.3d 502 (8th Cir. 2001), a company with an established severance plan offered employees certain additional severance benefits, which the company then failed to pay. When an employee sued on a state-law breach of contract theory, the district court concluded that the contract claim was preempted by ERISA,

reasoning that "the promised benefits were derived from an employee benefit plan because they were those contained in General American's established severance pay plan." *Crews,* 274 F.3d at 505. The Eighth Circuit reversed, explaining that "the significant differences between the company's existing plan and the promised benefits, as well as the lack of any evidence linking them to each other, lead us to conclude that the promised benefits were free-standing and were not premised in any way on the existing plan." *Id.*

Simply put, the alleged breaches of the Employment Agreement plead in Count I, to wit the failure to pay a severance payment and breach of the aircraft obligation, are completely independent of the SERP and therefore are not subject to ERISA preemption.

### COUNT I STATES A CAUSE OF ACTION UNDER STATE LAW

*The Employment Agreement Extended Until*
*Schoen Was Terminated Without Cause in August of 2013*

Schoen's Employment Agreement continued in effect until August of 2013 when he was terminated without cause. The Defendant seeks to draw this Court to an implausible conclusion unsupported by the law or allegations in the Complaint by suggesting that the Employment Agreement expired in 2004, contrary to black letter Florida law. Under Florida law, when an employment agreement expires and the parties continue to act under the terms of contract, Florida law presumes that the employment contract is renewed on the same terms. Despite the overwhelming weight of authority to the contrary, the Defendant would have this Court find that Schoen, despite performing all the enumerated duties in the Employment Agreement by acting as the Chairman of the Board of HMA, and HMA continuing to provide all the benefits under the Employment Agreement to Schoen, from 2004 until 2013, had no enforceable employment agreement with HMA after 2004.

Under black letter Florida law, when an employment contract for a definite period exists

and an employee continues to work under the contract after its expiration, the presumption in the law is that the contract is renewed and employment continued on the terms of the original contract. *Eskra v. Provident Life & Acc. Ins. Co.,* 125 F.3d 1406, 1413 (11th Cir. 1997) (summarizing Florida law); *Carlson v. WPLG/TV–10, Post–Newsweek Stations of Florida,* 956 F.Supp. 994, 1005 (S.D.Fla.1996); *Rothman v. Gold Master Corp.,* 287 So.2d 735, 736 (Fla.Dist.Ct.App.1974); *Sultan v. Jade Winds Const. Corp.,* 277 So.2d 574, 576 (Fla.Dist.Ct.App.1973); *see also Carnival Corp. v. U.S. Bank Nat. Ass'n. ND,* 2009 WL 3584935 (S.D.Fla. Oct. 27, 2009) (finding that the parties established an implied-in-fact contract by continuing to operate under the agreement). The existence of such a contract is determined objectively; whether a reasonable person would believe the parties intended to enter into such a new binding agreement. *Rothman,* 287 So.2d at 736. *See also Barraza v. Pardo*, 985 F. Supp. 2d 1369, 1372 (S.D. Fla. 2013).

The Complaint is replete with facts that objectively demonstrate that HMA and Schoen continued the Employment Agreement beyond 2004. These include:

1) Schoen faithfully and diligently serving as Chairman of the Board for HMA, including the responsibilities of a so-called non-executive chairman set forth as Exhibit B to the Complaint. Amended Complaint at ¶15;

2) HMA continued to abide by all of the terms of the Employment Agreement, which included providing to Schoen:
   a. his yearly salary and bonus;
   b. health care premium payment;
   c. increase in retirement benefits;
   d. office and secretarial assistance;
   e. automobile and club expenses;
   f. tax and financial planning; and
   g. 150 hours of personal use of HMA's Falcon 50 or equivalent aircraft. Complaint at ¶16.

3) HMA reaffirmed and amended Schoen's Employment Agreement in 2007, increasing his medical coverage through a letter agreement and amendment. Complaint at ¶17;

8

4) HMA disclosed Schoen's Employment Agreement and amendment thereto as a "Material Contract" in HMA's required Form 10-K SEC filing in 2001, 2002, 2003, 2006, 2007, 2008, 2009, 2010, 2011, 2012, and 2013.  Complaint at ¶20;

5) HMA did not file any required SEC 8-k disclosure indicating that the Employment Agreement had expired or been terminated.  Complaint at ¶21;

6) Schoen's Employment Agreement was disclosed as a "Material Contract" under the Merger Agreement between CHS and HMA.  Complaint at ¶24; and

7) HMA affirmed that all Material Contracts under the Merger Agreement are valid and binding against HMA.  Complaint at ¶26.

Not only do these facts meet the "plausibility" standard, but they demonstrate the absolute facial implausibility of the Defendant's argument that the Employment Agreement expired in 2004.  In fact, the implausibility of the Defendant's argument is demonstrated by their acknowledgment of the validity of the Employment Agreement with respect to Schoen's increased SERP benefits, medical insurance, aircraft benefits under the Employment Agreement, but their denial of the enforceability of the severance payment under the same Employment Agreement.  *Def's Mot. to Dismiss* at pp. 10-11.  A litigant cannot in the course of litigation maintain inconsistent and contradictory positions. *Montero v. Compugraphic Corp.*, 531 So. 2d 1034, 1036 (Fla. 3d DCA 1988).

Under the objective test, it is clear from the allegations above, that a reasonable person would conclude that Schoen's Employment Agreement continued until his termination without cause in August of 2013.   For example, in *Sullivan v. Colorado Boxed Beef Co*., a Middle District of Florida case, the Plaintiff entered into an employment agreement with the Defendant, which did not provide for any automatic renewal after the expiration date, and the Defendant moved for summary judgment on the basis that the employment agreement had expired and the employer had changed due to a corporate restructuring.   2006 WL 1883447 *2-3 (M.D. Fla. 2006).  However, this Court found that because the parties continued to operate under the terms

of the employment agreement, there was a presumption under Florida law that the contract was renewed and denied summary judgment. *Id.* at *3-4.

The Defendant cites *Gray v. Prime Mgmt. Group, Inc.* for the proposition that the statute of frauds would preclude the enforcement of the Employment Agreement; however, the case is entirely distinct and inapplicable to this case as it applied only to a restrictive covenant not to compete. 912 So. 2d 711, 713 (Fla. 4th DCA 2005). The Court explicitly held that the covenant not to compete was ancillary to other provisions of the employment agreement and did not survive the expiration of the employment agreement. *Id.* at 713-714. The Court noted that employment agreements or one year renewals are exempt from the Statute of Frauds. *Id.* at 713.

Unlike in *Gray*, the provisions that Schoen is seeking to enforce in the Employment Agreement are not restrictive covenants, and the yearly renewal of the Employment Agreement as evidenced by the conduct of parties is outside the Statute of Frauds. Similar to *Sullivan*, Schoen and HMA continued to faithfully operate under all the terms of the Employment Agreement for nine (9) years after its alleged expiration, whereby Schoen would perform the required responsibilities, and HMA would honor its obligations under the Employment Agreement to Schoen.

Lastly, it is apparent that only after the merger and acquisition by CHS that HMA took the position that the Employment Agreement expired, which is contrary to yearly 10-K filings and the Merger Agreement with the SEC whereby HMA disclosed the Employment Agreement with Schoen as a "Material Contract."[4] Certainly HMA, a publically traded company at the time and regulated by the SEC, cannot now take the position that its 10-K disclosures for the past

---

[4] Under the SEC regulations, a Material Contract is defined as a material definitive agreement as an agreement that provides for obligations enforceable against the company or rights enforceable by the company that are material. Additionally, when considering a Motion to Dismiss, a Court may take judicial notice of SEC filings. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

thirteen (13) years have been materially misleading by denying the existence and enforceability of Schoen's Employment Agreement.

*HMA BREACHED ITS AIRCRAFT OBLIGATION TO SCHOEN*

Pursuant to the Employment Agreement, HMA is obligated to provide Schoen with the right to use, for personal reasons, a Falcon 50 Aircraft, or equivalent thereof, for one hundred fifty (150) hours of air time per calendar year "during the period of Executive's employment with the Company and for fifteen (15) years thereafter" or to pay to Schoen an annual stipend equivalent to the cost of the personal use ("Aircraft Obligation"). HMA has breached its Aircraft Obligation to Schoen by failing to provide the requisite personal use of the Falcon 50 Aircraft to Schoen. Moreover, it is undisputed under the plain language of the Employment Agreement that it is Schoen that retains the option to elect to receive the annual stipend in lieu of the personal use of the Falcon 50, and not HMA.

The Defendant's in their Motion to Dismiss go to great lengths to interpret the Aircraft Obligation to Schoen, arguing at the motion to dismiss stage their interpretation of the Employment Agreement. Not only is HMA's interpretation of the Employment Agreement incorrect, their arguments are inappropriate at a Motion to Dismiss stage. "A court may not engage in contract interpretation at the motion to dismiss stage, as these arguments are more appropriate for summary judgment." *McKissack v. Swire Pac. Holdings, Inc.,* No. 09–22086–Civ, 2011 WL 1233370, at *3 (S.D.Fla. Mar. 31, 2011) (citing *Moran v. Crystal Beach Capital, LLC,* No. 8:10–cv–1037–T–30AEP, 2011 WL 17637, at *4 (M.D.Fla. Jan. 4, 2011)). *See also Managed Care Solutions, Inc. v. Cmty. Health Sys., Inc.,* No. 10–60170–CIV, 2011 WL 6024572, at *8 (S.D.Fla. Dec. 2, 2011) ("A determination of the proper interpretation of the contract should be decided at the summary judgment stage, not in a ruling on a[ ] motion to dismiss." (alteration added)); *Ben–Yishay v. Mastercraft Dev., LLC,* 553 F.Supp.2d 1360, 1373

(S.D.Fla.2008) ("The proper interpretation of this provision is not a matter that can be resolved on a motion to dismiss for failure to state a claim. Interpretation of a clear and unambiguous contractual provision is a question of law properly decided on summary judgment.") (citation omitted)).

> The allegations in the Complaint are clear with respect to the Aircraft Obligation:
>
> 1) Pursuant to the provisions of Section 9(d) of the Employment Agreement, HMA is obligated to provide Schoen with the right to use, for personal reasons, a Falcon 50 Aircraft, or equivalent thereof, for one hundred fifty (150) hours of air time per calendar year "during the period of Executive's employment with the Company and for fifteen (15) years thereafter." Complaint at ¶39;
>
> 2) After HMA was acquired by CHS, HMA has failed to abide by the Aircraft Obligation to Schoen.  Complaint at ¶¶46, 47, 51; and
>
> 3) Schoen has incurred damages as a result of HMA's continuing breach of the Aircraft Obligation.  Complaint at ¶47, 48.

In order to state a claim for breach of contract, a plaintiff need only allege the existence of " '1) a valid contract; 2) a material breach; and 3) damages.' " *Int'l Star Registry of Ill. v. Omnipoint Mktg., LLC,* 510 F.Supp.2d 1015, 1022 (S.D.Fla.2007) (quoting *Abbott Labs., Inc. v. Gen. Elec. Capital,* 765 So.2d 737, 740 (Fla. 5th DCA 2000)).   *See also Assa Compania De Seguros, S.A. v. Codotrans, Inc.*, 2014 WL 1515239 (S.D. Fla. 2014). The Defendant cannot reasonably dispute that the Complaint states a *prima facie* cause of action for breach of contract.

Additionally, the Complaint makes a claim under the Employment Agreement for the value of the Schoen's accumulated unused personal aircraft time and for the annual operating benefit that HMA would have expended from time to time to carry on the fractional ownership program for fifteen (15) years.

With respect to the accumulated time, the Employment Agreement states:

1) "During the period of [Schoen's] employment with HMA and for fifteen (15) years thereafter, [Schoen] shall be entitled to the personal use of HMA's Falcon 50 or equivalent aircraft for 150 hours for each calendar year …."

2) "Any unused hours of personal use for **any calendar year** shall be carried forward and added to [Schoen's] entitlement to hours of personal use for the next calendar year." (emphasis supplied)

To the extent that the Defendant engages in mental gymnastics to read into the Employment Agreement a yearly cap of 300 hours, not only are they incorrect based on the plain language of the contract which does not provide any such limitation,[5] but this type of contract interpretation is clearly inappropriate at the motion to dismiss stage.

Contrary to the Defendant's allegations in their Motion to Dismiss, wherein they interpret the Employment Agreement and argue that HMA's dictates whether or not Schoen is entitled to the annual stipend under two (2) preconditions, under a plain reading of the Employment Agreement as set forth above, it clearly provides that Schoen and not HMA that **retains the option** to 1) reduce the purchase price of HMA's Falcon 50 by the present value of Schoen's right to fifteen (15) years of personal use of the aircraft, plus any carryover of unused hours accumulated during his employment; or 2) HMA shall pay to Schoen an annual operating benefit equal to the cost that HMA would have expended from time to time to carry on a fractional ownership program for fifteen (15) years.  While the Defendant would once again read into the Employment Agreement a limitation that this option is only exercised after Schoen is offered a fractional ownership, those terms simply do not exist in the Employment Agreement.

Because the Amended Complaint properly states a claim for a breach of contract, the

---

[5] The Defendant's argument falls apart under the weight of its own logic.  If in year 1, 150 hours is carried over to year 2, HMA's admits that Schoen would then have a "bank" of 300 hours for year 2; however, they fail to explain the number of hours that would be carried over to year 3 in their example.  When applying the plain language of the contract, "any unused hours of personal use for **any calendar year** shall be carried forward and added to [Schoen's] entitlement to hours of personal use for the next calendar year" - it is clear to see that 300 hours, i.e. the unused hours of personal use for **any calendar year**, would then be carried over to year 3, for a total 450 hours.

Defendant's Motion to Dismiss with respect to Count I should be denied.

## COUNT II

*Count II Should Not Be Dismissed for a Failure to Exhaust Administrative Remedies*

Contrary to the Defendant's allegations, by three (3) separate benefits demand letters, Schoen made demand for full payment under the SERP agreement for his retirement benefit to HMA. *See* Complaint at ¶¶66-67, 71-72, and 75. Specifically, under the express terms of the SERP, Schoen was entitled an immediate lump sum cash payment of the actuarial equivalent of his retirement benefit, measured by his life and his wife's life upon the sale of HMA to CHS. *See* Complaint at ¶¶60 and 64-65. In Schoen's Second Demand Letter, Schoen sought an immediate payment of $14.7 million dollars under the SERP. *See* Complaint at ¶73. These demand letters were sent to counsel for HMA, stating very specifically that these were to be deemed a claim for benefits to the named fiduciary under SERP and if HMA required the demand for benefits notice be sent to another individual, to provide such address. Notably, HMA did not direct these claims to be sent to another individual, nor did they name a plan administrator or address as requested. *See* Complaint at ¶¶69-70.

Despite these demands, no written response was ever provided by CHS and/or HMA to these written demands for benefits, it merely unilaterally and incorrectly computed a payment of $6,104,267.00, which was $8 million dollars less than the demand. *See* Complaint ¶¶74-76. The payment memo attached included only bare bones information and was not accompanied by any detailed explanation that would comply with the SERP or 29 U.S.C.A. 1133. *Id.* As a result of these three (3) demands and HMA's total failure to respond at all, Schoen has properly exhausted all his administrative remedies and the analysis need go no further.

*ANY FURTHER DEMAND WOULD BE FUTILE*

Even assuming *arguendo* that the Court found that Schoen did not exhaust his administrative remedies by these three (3) demand letters and HMA's failure to respond, any further demand or administrative procedure would be futile because:

1)  HMA failed to provide written notice within ninety (90) days in compliance with Section 5.2 of the SERP regarding its denial of benefits;  and

2)  HMA failed to detail the manner in which the case benefit was calculated, to wit, whether or not his spouse's life was included in the calculation, precluding Schoen from any meaningful benefit denial appellate procedure.

Complaint at ¶77.

When a plan administrator in control of the available review procedures denies a claimant meaningful access to those procedures, the district court has discretion not to require exhaustion. *See Curry v. Contract Fabricators Inc. Profit Sharing Plan*, 891 F.2d 842, 846-47 (11th Cir. 1990) *abrogated by Murphy v. Reliance Standard Life Ins. Co.*, 247 F.3d 1313 (11th Cir. 2001) *on other grounds*.  The decision whether to apply the exhaustion requirement is committed to the district court's sound discretion and can be overturned on appeal only if the district court has clearly abused its discretion. *Dale v. Chicago Tribune Co.,* 797 F.2d 458, 466 (7th Cir.1986), *cert. denied,* 479 U.S. 1066, 107 S.Ct. 954, 93 L.Ed.2d 1002 (1987).

HMA failed to abide by the terms of the SERP by failing to send to Schoen within ninety (90) days of his demand for benefits a denial of benefits letter or notice.  HMA's obligation to pay Schoen the single cash lump sum was due immediately after the change of control on January 27, 2014 without any demand by Schoen.   After receiving no payment or communications from HMA, Schoen made his first demand for benefits on February 21, 2014; however, no response was provided to Schoen other than a letter from its counsel (representing HMA in this action) stating in would "consider" the payment but provided no other details or

why it was not immediately paying the cash sum.  HMA's response is simply insufficient as a matter of law under the SERP, because if **any part of the claim for benefits is denied** HMA must**:**

    a)  Set forth the specific reasons for the denial;
    b)  Provide specific references to the provision of the SERP or agreement which the denial is based;
    c)  Set forth any additional information Schoen should furnish to perfect the claim; and
    d)  Provide the steps to be taken for a review of the denial.

SERP at § 5.2, attached to the Complaint as Composite Exhibit G.

At no time has HMA provided the information required by the SERP upon denial of a claim for benefits.  The critical and necessary information, to wit, whether or not Schoen's wife's life was taken into account in the actuarial calculation, has never been provided to Schoen despite repeated demand.  Simply sending an improperly calculated check for payment of $6,104,267.00 to Schoen, over $8 million dollars short of his demand for benefits, with little or no explanation, is insufficient as a matter of law because it fails to comply with the SERP and 29 U.S.C.A. § 1133.  There was and is simply no possible way for Schoen to achieve any meaningful review of his denial of benefits without being provided the specific information as to the manner in which the payment was calculated.

Moreover, it is clear from HMA's course of conduct that it has no intention of providing Schoen anything more than conclusory information regarding the calculation of the lump sum payment and has failed to respond in writing exactly why it has denied his benefits.  Requiring any further exhaustion of administrative remedies in this case "would be an empty exercise in legal formalism," *Perrino v. S. Bell Tel. & Tel. Co., 209* F.3d 1309, 1318 (11th Cir. 2000), and an unfair burden on the Plaintiff by causing unnecessary delay, clearly the only reason the Defendant raises this issue.

*HMA FAILED TO COMPLY WITH 29 U.S.C.A. 1133
REGARDING ITS DENIAL OF BENEFITS*

HMA has also failed to comply with the specific notice requirements under 29 U.S.C.A. § 1133 and has failed to render a decision within 120 days of the denial of the demand for benefits.  The regulations promulgated under § 1133 provide that "[e]very employee benefit plan shall establish and maintain reasonable procedures governing the filing of benefits claims, notification of benefit determinations, and appeal of adverse benefit determinations ...." 29 C.F.R. § 2560.503–1(b) (emphasis added). *See also Smith v. Columbia Gas of Ohio Group Med. Ben. Plan*, 624 F. Supp. 2d 844, 862 (S.D. Ohio 2009).

HMA's response (or lack thereof) to Schoen's three demands for benefits failed to meet the requirements of specificity under 29 U.S.C.A. § 1133. The responses offered no specific information regarding the calculation, and merely offered conclusory information. Such a conclusory and non-specific response does not satisfy the notice requirements.  For example, the Third Circuit affirmed the district court's holding that the benefits termination notice was insufficiently specific and therefore denied the claimant procedural due process.  *Grossmuller v. Int'l Union, United Auto. Aerospace & Agric. Implement Workers of Am., U.A.W., Local 813, 715 F.2d 853 (3d Cir.1983).*

Additionally, initial claims handling must be completed within time limits prescribed by the Secretary of Labor. *See* 29 C.F.R. § 2560.503–1(e) (1997). If a claim is denied, the fiduciary reviewing the denial must act promptly and within time periods prescribed by the Secretary of Labor following any request for review by the plan participant. *See id.* § 2560.503–1(h). If the decision is not rendered within the 120–day period, the claim is deemed denied on review, *see id.* § 2560.503–1(h)(4), and the claimant may "bring a civil action to have the merits of his application determined, just as he may bring an action to challenge an outright denial of

benefits," *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 144, 105 S.Ct. 3085, 3091, 87 L.Ed.2d 96 (1985).

It is clear from the Complaint (and the Defendant's Motion to Dismiss) that no such SERP required denial of benefits notice was sent to Schoen, and therefore HMA is estopped from seeking dismissal on the basis for a failure to exhaust administrative remedies.

<u>**COUNT III**</u>

Count III of the Complaint seeks a declaratory judgment regarding HMA's continuing obligations under the Employment Agreement to provide a certain level of medical coverage to Schoen and his spouse for the remainder of their lives.  It is disingenuous for HMA to take the position with respect to Count I that the Employment Agreement is expired and preempted, but with respect to Count III take the position that it is valid and enforceable and that a declaratory count regarding the enforceability of the medical provision is unnecessary.[6]  Certainly there exists a bona fide actual, present practical need for a declaration that the medical coverage provision is enforceable given HMA's position on the enforceability of the Employment Agreement in Count I.

Courts are authorized "to declare rights, status and other equitable or legal relations, whether or not further relief is or could be claimed," and "its declaration may be either affirmative or negative in form and effect ..." Fla. Stat. § 86.011. Courts "may render declaratory judgments on the existence or nonexistence: (1) Of any immunity, power, privilege, or right; or (2) Of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege or right now exists or will arise in the future." Fla. Stat. § 86.011.

---

[6] If HMA takes the position that the medical coverage provision is valid and enforceable, then they would certainly not oppose a judgment by this Court confirming such position in a Court order.

18

A declaratory judgment action may be brought by "[a]ny person claiming to be interested or who may be in doubt about his or her rights under a ... contract ... or whose rights, status, or other equitable or legal relations are affected by a ... contract ..." in order to determine "any question of construction or validity arising under such ... contract...." Fla. Stat. § 86.021. This "does not limit or restrict the exercise of the general powers conferred in § 86.011 in any action where declaratory relief is sought." Fla. Stat. § 86.051. "Any declaratory judgment rendered pursuant to this chapter may be rendered by way of anticipation with respect to any act not yet done or any event which has not yet happened, and in such case the judgment shall have the same binding effect with respect to that future act or event, and the rights or liability to arise therefrom, as if that act or event had already been done or had already happened before the judgment was rendered." Fla. Stat. § 86.051. *See also Marco Island Cable, Inc. v. Comcast Cablevision of the S., Inc.*, 509 F. Supp. 2d 1158, 1160-61 (M.D. Fla. 2007).

In this case it is clear that Schoen has a bona fide reason to doubt that HMA will abide by the terms of the Employment Agreement, and that he is entitled to a declaratory judgment under Florida law regarding the medical coverage in his Employment Agreement. As such, Count III is properly plead and should not be dismissed.

## COUNT IV

### *Count IV is Sufficiently Plead*

It is clear in the Complaint that Count IV is plead in the alternative to Count I because HMA's asserts that the Employment Agreement expired in 2004, which as stated above is incorrect as a matter of black letter law; however, in HMA's Motion to Dismiss, it now takes the position that Schoen's quantum meruit claim in Count IV should be dismissed because an express contract exists. HMA cannot sustain these inconsistent positions. Moreover, HMA

ignores the allegations in the Complaint, stating very clearly Count IV is plead alternatively:

> **In the alternative to Count I**, Schoen and HMA entered into an implied in fact contract which was confirmed and acquieesed to by HMA during the course of Schoen's employment at HMA from 2001 until 2013.

Complaint at ¶93 (emphasis supplied).  A party may plead in the alternative for relief under an express contract when the other party asserts that the contract is invalid. *See In re Managed Care Litig.,* 185 F.Supp.2d 1310, 1337–38 (S.D.Fla.2002) (although Rule 8 permits alternative pleading, "an unjust enrichment claim can only be pled in the alternative if one or more parties contest the existence of an express contract governing the subject of the dispute"); *In re Managed Care Litig.,* 185 F.Supp.2d 1310, 1337 (S.D.Fla.2002) (although Rule 8 permits alternative pleading, "an unjust enrichment claim can only be pled in the alternative if one or more parties contest the existence of an express contract governing the subject of the dispute"); *Berry v. Budget Rent A Car Sys., Inc.,* 497 F.Supp.2d 1361, 1369 (S.D.Fla.2007) ("a quasi-contractual claim fails upon a showing that an express contract exists").  *See also Martorella v. Deutsche Bank Nat. Trust Co.*, 931 F. Supp. 2d 1218, 1227 (S.D. Fla. 2013).  It is not upon the allegation of the existence of a contract, but upon a showing that an express contract exists that an equitable count fails. *Williams v. Bear Stearns & Co.,* 725 So.2d 397, 400 (Fla.Dist.Ct.App.1998).

In this case, HMA has taken the position that the Employment Agreement is unenforceable under Count I, therefore, Schoen is permitted as a matter of law to plead in the alternative an equitable remedy and Count IV should not be subject to dismissal.

### CONCLUSION

For the reasons stated above, Schoen requests that this Court DENY the Defendant's Motion to Dismiss.

/s/ Thomas B. Garlick
Thomas B. Garlick, Esq.
Florida Bar #324760
tomgarlick@garlaw.com
Trial Counsel

Shaun M. Garry, Esq.
Florida Bar #93412
sgarry@garlaw.com

Attorneys for Plaintiff,
WILLIAM J. SCHOEN
Garlick, Hilfiker, & Swift, LLP
9115 Corsea del Fontana Way,
Suite 100
Naples, Florida 34109
(239) 597-7088 – telephone
(239) 597-6984 - fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of October, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notification of such filing to:

> Andrew B. Thomson, Esq.
> Proskauer Rose LLP
> 2255 Glades Road, Suite 421 Atrium
> Boca Raton, Florida 33431
> athomson@proskauer.com
>
> Peter D. Doyle, Esq.
> Proskauer Rose LLP
> 11 Times Square
> New York, New York 10036
> pdoyle@proskauer.com

/s/ Thomas B. Garlick
Thomas B. Garlick, Esq.
Florida Bar #324760
tomgarlick@garlaw.com
Shaun M. Garry, Esq.
Florida Bar #93412
sgarry@garlaw.com
Attorneys for Plaintiff,
WILLIAM J. SCHOEN
Garlick, Hilfiker, & Swift, LLP
9115 Corsea del Fontana Way,
Suite 100
Naples, Florida 34109
(239) 597-7088 – telephone
(239) 597-6984 - fax