UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 14-CV-00411-JES-CM

WILLIAM J. SCHOEN,

        Plaintiff,

vs.

HEALTH MANAGEMENT ASSOCIATES, INC.,

        Defendant.

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant HEALTH MANAGEMENT ASSOCIATES, INC. ("HMAI") submits this reply in support of its motion to dismiss the amended complaint filed by Plaintiff WILLIAM J. SCHOEN ("Schoen"). Although Schoen, to his credit, recognized that his first pleading was defective and elected to amend it, many of those same defects nevertheless pervade his second attempt. Those defects, discussed in detail below, require dismissal of the amended complaint.

**ARGUMENT**

**1. SCHOEN'S BREACH OF CONTRACT CLAIM IS PREEMPTED BY FEDERAL LAW AND, EVEN UNDER STATE LAW, IS IMPLAUSIBLE ON ITS FACE.**

*a.  The breach of contract claim is preempted by ERISA.*

As an initial matter, it speaks volumes that Schoen makes no attempt to address the concrete ways in which his breach of contract claim "relates to" HMAI's supplemental employment retirement plan ("SERP"). Specifically, in his response, Schoen chose to ignore the fact that (a) the contract at issue, Schoen's Employment Agreement, expressly references the

SERP; (b) Schoen alleges that HMAI abided by the Employment Agreement by providing him increased benefits under the SERP (in his futile effort to demonstrate that the Employment Agreement did not expire); and (c) Schoen's damages would be predicated, in part, on the benefits provided under the SERP. These connections, by themselves, clearly demonstrate that conflict preemption applies and thus this contract claim is barred.

Rather than address these important connections, Schoen points to several disparate decisions which, he asserts, stand for the proposition that his claim is not preempted under ERISA's conflict preemption. Schoen relies predominantly on Evans v. Infirmary Health Services, Inc., 634 F. Supp. 2d 1276 (S.D. Ala. 2009), even going so far as to suggest that his breach of contract claims "stand on all four corners with Evans…." (D.E 28 at 6.) The correct reading of Evans, however, reveals that Schoen's reliance is sorely misplaced. First and foremost, Evans involved *complete* preemption under ERISA, not conflict preemption. That difference, which the Evans court discusses at length, is significant:

> Although they are often confused by courts and litigants alike, complete preemption and defensive [i.e., conflict] preemption are distinct questions, dependent on different tests and bearing different implications for a lawsuit. Whether complete preemption applies is a jurisdictional issue, which must be addressed first and is separate and distinct from whether a defendant's ERISA § 514, 29 U.S.C. § 1144, preemption defenses apply. Unlike complete preemption, which is jurisdictional, defensive preemption is a substantive defense, justifying dismissal of preempted state law claims. Whether a claim "relates to" an ERISA plan is not a part of the mandatory four-part complete preemption test articulated in the [Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212 (11th Cir. 1999)] line of cases. It is, however, the central question in a defensive preemption analysis. A corollary of the distinction between these lines of inquiry is that **a state-law claim may be defensively preempted, as relating to an ERISA plan, even if it is not completely preempted, in that it does not claim benefits due under an ERISA plan**. Defendant's argument conflates these distinct analyses, attempting to use a "relate to" analysis to effectuate complete preemption.

2

Evans, 634 F. Supp. 2d at 1289-90 (citations and quotation marks omitted) (emphasis provided). Although it did address conflict preemption in *dicta*, that court went on to say that it would be inappropriate for it to rule on that issue because jurisdiction was lacking; the higher threshold required for complete preemption, discussed above, had not been satisfied, so the case was remanded to state court. Id. at 1292. In other words, Evans offers Schoen no meaningful support.[1]

Schoen's reliance on Evans creates another problem for him. In other *dicta*, Evans suggests that an agreement to pay severance, like Schoen's Employment Agreement in this case, could itself constitute an ERISA plan, and thus any state law claim relating to it would be preempted. Although the court did not fully reach the issue because the defendant there did not advance it on appeal, the court in Evans noted that "other courts[2] have made fact-specific determinations that agreements between an employer and a particular employee may or may not qualify as ERISA plans…." Id. at 1285 n.14. Inasmuch as Schoen asks this Court to consider

---

[1] Another case Schoen relies upon heavily, Crews v. General American Life Ins. Co., 274 F.3d 502 (8th Cir. 2001), is distinguishable for the same reason. That court ultimately remanded the case to state court because the court lacked subject matter jurisdiction under ERISA's complete preemption.

[2] See id. (citing Williams v. Wright, 927 F.2d 1540, 1543-45 (11th Cir. 1991) ("a plan covering only a single employee, where all other requirements are met, is covered by ERISA"); Duggan v. Hobbs, 99 F.3d 307, 310 (9th Cir. 1996) (neither party disputed lower court's determination that severance agreement between executive and employer is a "plan" covered by ERISA); Hernandez v. Alcatel USA Resources, Inc., 560 F. Supp. 2d 528, 534 (E.D. Tex. 2006) ("an agreement to pay severance benefits may constitute an employee welfare benefit plan"); Nadworny v. Shaw's Supermarkets, Inc., 405 F. Supp. 2d 124, 139 (D. Mass. 2005) (deeming severance agreement with one-time, lump sum payment of benefits to be ERISA plan, but noting that the question "is an extremely close one"), among others).

Evans,[3] this Court should consider *all* of Evans, including those portions that compel preemption here.

Either way, Schoen's breach of contract claim (Count I) relates to an ERISA plan and is therefore preempted.

> b.  *Schoen's breach of contract theory is implausible on its face.*
>
> > i.  *Severance Payment*

Remarkably, Schoen seems unwilling or unable to accept that certain portions of his Employment Agreement apply *until* termination (which occurred in 2004) while some portions apply *beyond* termination. Schoen even suggests that HMAI is somehow being inconsistent by "acknowledg[ing]…the validity of the Employment Agreement with respect to Schoen's increased SERP benefits, medical insurance, [and] aircraft benefits under the Employment Agreement, but [denying] the enforceability of the severance payment under the same Employment Agreement." (D.E. 28 at 9.) This argument demonstrates Schoen's desperation. Simply put, the Employment Agreement expressly states that certain provisions (e.g., SERP benefits, medical insurance, and aircraft benefits) extend beyond Schoen's actual employment under the Agreement:

- The SERP benefits, for example, are to be paid "during [Schoen's] life" as well as to Schoen's wife for "ten (10) years after [Schoen's] death" (D.E. 20 Ex. A ¶ 6)

- Certain medical coverage is provided until November 30, 2006, while different coverage is subsequently provided to Schoen and his wife "for their lives" (D.E. 20 Ex. A ¶ 7);

---

[3] Another case cited by Schoen, Gresham v. Lumbermen's Mut. Cas. Co., 404 F.3d 253 (4th Cir. 2005), gives rise to the same suggestion. There, the plaintiff had included in his complaint an alternative claim under ERISA "in the event the district court determined that the employment agreement between [former employee] and [employer] constituted an 'employee welfare benefit plan' within the meaning of ERISA."

- The right to use HMAI's airplanes is provided "during the period of the Executive's employment with the Company and for fifteen (15) years thereafter…" (D.E. 20 Ex. A ¶ 9(d)).

The same post-termination language, however, is conspicuously absent from other provisions, most notably the severance provision. HMAI's filings with the SEC, meanwhile, confirm this basic fact. (HMAI Proxy Statement (Schedule 14A), April 13, 2007, at 43) ("Mr. Schoen **previously** provided services to us under an employment agreement dated January 2, 2001" and "**[c]ertain terms of such agreement continue to be in effect**…"). Schoen makes no attempt to reconcile his severance claim with this specific language from the SEC filings, nor can he.

Moreover, while Schoen cites a host of cases for supposed "black letter law" on the extension of contracts beyond their termination dates, **none** of these cases meaningfully address the dispositive issue raised in HMAI's motion to dismiss: the statute of frauds. That is, in none of those cases was this critical defect to Schoen's claim discussed in the context of a contract that lasted longer than one year. Schoen evidently elected to ignore this inconvenient aspect of bedrock Florida law.

Instead, Schoen makes a half-hearted attempt to distinguish one (though not all) of the cases cited by HMAI, Gray v. Prime Management Group, Inc., 912 So. 2d 711, 712-13 (Fla. 4th DCA 2005). Schoen contends that Gray relates only to restrictive covenants, but the opinion itself is not so limited. In Gray, the Fourth District was faced with an expired employment agreement that included a non-competition restrictive covenant. The employer argued the expired agreement (including the non-compete provision) remained in effect beyond its expiration because the parties continued to perform as before. The former employees countered that the non-compete provision was no longer enforceable because the parties had not renewed

5

their agreement in writing, as required by section 542.335, Florida Statutes, and the statute of frauds.

Had the decision been intended to apply only to restrictive covenants, as Schoen suggests, the Fourth District would have based its decision on the writing requirement contained in section 542.335 (which relates only to restrictive covenants). Instead, the Court found that *the statute of frauds* required the alleged renewal to be in writing. Id. ("We reverse, finding that **the Statute of Frauds** required the written renewal of Gray's fully performed contract.") (emphasis provided). Further confirming this point is the fact that the Fourth District distinguished the line of authority upon which Schoen now relies, based not on the existence of a restrictive covenant or section 542.335, but rather on the statute of frauds. Id. ("Those cases involved enforcement of one year employment agreements, or one year renewals, exempting them from the Statute of Frauds.").[4]

Indeed, each of the cases cited by Schoen is easily distinguishable, many for the same reason (*i.e.*, they involved one-year contracts or one-year renewals). See Rothman v. Gold Master Corp., 287 So. 2d 735, 736 (Fla. 3d DCA 1974) (one-year employment contract renewable annually); Sultan v. Jade Winds Const. Corp., 277 So. 2d 574, 576 (Fla. 3d DCA 1973) (oral agreement to renew contract for one year); Sullivan v. Colorado Boxed Beef Co., 2006 WL 1883447, at *2-3 (M.D. Fla. 2006) (one-year employment contract). Others simply do not support Schoen's position. See Carlson v. WPLG/TV–10, Post–Newsweek Stations of Florida, 956 F. Supp. 994, 1005 (S.D. Fla. 1996) (holding that the contract sued upon was **not** renewed); Carnival Corp. v. U.S. Bank Nat. Ass'n, 2009 WL 3584935 (S.D. Fla. Oct. 27, 2009) (cited for its finding of

---

[4] Schoen argues in his response that "[t]he Court [in Gray] noted that employment agreements or one year renewals are exempt from the Statute of Frauds." (D.E. 28 at 10) (emphasis provided) (citing Gray). This is plainly false. Schoen omits the Gray decision's critical "one year" qualifier before "employment agreements."

6

an implied-in-fact contract, but Schoen's claim is based on an express (not implied) contract); Barraza v. Pardo, 985 F. Supp. 2d 1369, 1372 (S.D. Fla. 2013) (FLSA case; no contract was sued upon or sought to be enforced). While others do not stand for the proposition cited. See Eskra v. Provident Life & Acc. Ins. Co., 125 F.3d 1406, 1413 (11th Cir. 1997) (cited for the proposition that a presumption arises "that the contract is renewed and employment continued on the terms of the original contract," (D.E. 28 at 8-9), but the decision says no such thing). But again, none of these cases addresses the critical issue – the application of the statute of frauds to contracts that last longer than one year – that dooms Schoen's severance claim.

      ii.   *Personal Use of HMAI's Corporate Jets*

  Schoen hopes to avoid dismissal of his claim for a larger jet airplane by mischaracterizing HMAI's argument as asking this Court to "interpret" the Employment Agreement. Far from it, HMAI points only to the language of the Employment Agreement that directly contradicts Schoen's allegations, which is something this Court is capable of reviewing as part of a motion to dismiss. For the reasons set forth in HMAI's motion, (D.E. 27 at 11-13), both aspects of Schoen's bigger airplane claim (accumulated hours and annual stipend) are contrary to the Agreement's plain language and thus implausible and should be dismissed.

**2. COUNT II SHOULD BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.**

  With respect to Schoen's ERISA claim (which Schoen asserted only after HMAI established that Schoen's SERP claim was preempted), Schoen continues to cling to the notion that he has made three legitimate "demands" for benefits. As noted previously, the amended complaint demonstrates that two of these supposed "demands" took place before the payment with which Schoen takes issue was made on April 25, 2014 (which Schoen does not dispute or otherwise address) and thus are moot, while the third was not – in Schoen's own words – a

7

demand for benefits at all, but rather a request for "information." (D.E. 20 ¶ 75.)  In its motion, HMAI cited unequivocal authority which establishes that requests for information are not "demands" sufficient to trigger the administrative review process.  See American Dental Ass'n v. WellPoint Health Networks Inc., 494 Fed. App'x 43, 46 (11th Cir. 2012) (rejecting an attempt to "turn a request for information...into a demand for administrative review").  Schoen has offered no rebuttal.

Indeed, Schoen cites no case that actually supports his position with respect to exhaustion.  The decision in Curry v. Contract Fabricators Inc. Profit Sharing Plan, 891 F.2d 842, 846-47 (11th Cir. 1990), involved a situation where exhaustion was excused in large part because the beneficiary did not even possess the plan documents which set forth the available administrative remedies; in that situation, there can be no argument that the beneficiary was refused meaningful access to the review process.  Here, however, Schoen has always had the plan documents which outlined the administrative process and his remedies; indeed, he attached them – all four versions, including one that dates back to 1990 – to his prematurely-filed complaint and amended complaint.  (See D.E. 2-8; D.E. 20 at 59-114.)

The second case cited by Schoen on this issue, Dale v. Chicago Tribune Co., 797 F.2d 458, 467 (7th Cir. 1986), supports HMAI's argument in that it affirmed summary judgment in favor of the employer, finding that the trial court properly imposed the exhaustion requirement and holding squarely that "there is nothing in the record to indicate that exhaustion in this instance was an exercise in futility."  Similarly, in Perrino v. S. Bell Tel. & Tel. Co., 209 F.3d 1309, 1318 (11th Cir. 2000), the Eleventh Circuit confirmed that "we apply the exhaustion requirement strictly and recognize narrow exceptions only based on exceptional circumstances" and affirmed a summary judgment against ERISA plan beneficiaries based on their failure to

exhaust administrative remedies. If anything, the cases cited by Schoen demonstrate why dismissal is appropriate here.

Schoen then dedicates several paragraphs (D.E. 28 at 17-18) to HMAI's purported failings under 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1. But Schoen neglects to address the authority cited by HMAI that failing to comply with section 1133 does not excuse ERISA's exhaustion requirement. See Counts v. American General Life and Acc. Ins. Co., 111 F.3d 105, 108 (11th Cir. 1997) (noting that "the usual remedy [for alleged violations of section 1133's notice requirement] is not excusal from the exhaustion requirement, but remand to the plan administrator for an out-of-time administrative appeal"). To the contrary, one case cited by Schoen, Perrino, actually supports the application of exhaustion in these circumstances because it expressly refused to create an exception to the exhaustion requirement based on an alleged violation of 29 C.F.R. § 2560.503-1. 209 F.3d at 1316-18.

Ultimately, Congress intended for plan administrators, not federal courts, to be the arbiters of benefits disputes. Powell v. A.T. & T. Communications, Inc., 938 F.2d 823, 826 (7th Cir. 1991). "ERISA strongly favors administrative resolution and the construction of a factual record prior to an action being filed in federal court." In re Managed Care Litig., 185 F. Supp. 2d 1310, 1332 (S.D. Fla. 2002) (also cited by Schoen, see D.E. 28 at 20.) Schoen never properly invoked the administrative review and resolution process. Until he does, his ERISA claim cannot be pursued in this Court.

### 3.     SCHOEN'S DECLARATORY JUDGMENT CLAIM IS UNNECESSARY.

Regarding Schoen's declaratory judgment claim, Schoen responds to HMAI's motion by quoting chapter 86, Florida Statutes, at length (without application to this case) and arguing that "clearly" and "certainly" he is entitled to a declaration. However, Schoen neglects to

demonstrate how, given (a) the plain language of the Employment Agreement regarding medical coverage, (b) Schoen's admitted receipt of all applicable medical coverage, and (c) HMAI's promise to continue providing such medical coverage, he has established that an actual case or controversy exists that warrants this Court's time and resources. To the contrary, Schoen ignores this issue entirely – likely because he recognizes that he has not alleged (and cannot in good faith allege) facts "from which it appears there is **a substantial likelihood that he will suffer injury in the future**," as is required to establish that a case or controversy exists when a plaintiff is seeking injunctive or declaratory relief. Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1346 (11th Cir. 1999), cert. denied, 529 U.S. 1055 (2000) (emphasis provided).

Instead, Schoen glibly notes that "[i]f HMA takes the position that the medical coverage provision is valid and enforceable, then they would certainly not oppose a judgment by this Court confirming such position in a Court order." (D.E. 28 at 18 n.6.) Such a statement blithely overlooks the basic requirement of Article III standing. Federal courts do not issue unnecessary judgments, and given Schoen's inability to allege the predicate facts in this case, one should not even be considered here.

**4. SCHOEN'S QUANTUM MERUIT CLAIM IS LEGALLY IMPROPER.**

In his response, Schoen argues that his quantum meruit claim is pled merely "in the alternative," which is a proper pleading practice. Although HMAI does not dispute that claims may be pled alternatively, Schoen's quantum meruit claim is different in that he pleads inconsistent legal theories *within the same count*. In other words, although it may be permissible to allege separate counts for breach of contract and quantum meruit, a quantum meruit claim cannot itself be predicated on allegations that an express contract exists. See Morse, LLC v. United Wisconsin Life Ins. Co., 356 F. Supp. 2d 1296, 1299 (S.D. Fla. 2005); Spring Air Intern.,

LLC v. R.T.G. Furniture Corp., No. 8:10-CV-1200-T-33TGW, 2010 WL 4117627, at *7 (M.D. Fla. Oct. 19, 2010) (dismissing a claim for quantum meruit because plaintiff "included an allegation of an express agreement **in its claim for quantum meruit**") (emphasis provided). Because Schoen, in his amended complaint, did precisely that, (D.E. 20 ¶ 94), his quantum meruit claim fails and should be dismissed.

## CONCLUSION

For the reasons set forth above, Defendant Health Management Associates, Inc. respectfully requests that this Court dismiss Schoen's amended complaint and grant all other relief deemed appropriate.

Date: October 23, 2014.                                        Respectfully submitted,

**PROSKAUER ROSE LLP**
*Counsel for Health Management Associates, Inc.*
2255 Glades Road, Suite 421 Atrium
Boca Raton, Florida 33431
Telephone:   (561) 241-7400
Facsimile:   (561) 241-7145

*/s/ Andrew Thomson*
Andrew B. Thomson
Florida Bar No. 057672
athomson@proskauer.com

-and-

Peter D. Doyle
(admitted *pro hac vice*)
11 Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 23, 2014, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on the below counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

**Thomas B. Garlick, Esq.**
**Shaun M. Garry, Esq.**
GARLICK, HILFIKER & SWIFT LLP
9115 Corsea del Fontana Way, Suite 100
Naples, Florida 34109
Telephone: (239) 597-7088
tomgarlick@garlaw.com
sgarry@garlaw.com
*Counsel for Plaintiff*

                                                              */s/ Andrew Thomson*
                                                              Andrew B. Thomson