IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM J. SCHOEN,

        Plaintiff,

    v.

HEALTH MANAGEMENT
ASSOCIATES, INC.,

        Defendant.

Case No. 2:14-cv-411-JES-CM

## PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, **WILLIAM J. SCHOEN**, ("Plaintiff" or "Schoen") and hereby files this sur-reply, with leave of this Court, to the Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss the First Amended Complaint ("Reply") filed by Defendant **HEALTH MANAGEMENT ASSOCIATES, INC.**, a Delaware corporation, ("HMA" or "Defendant").

In its Reply, the Defendant erroneously mischaracterizes the Plaintiff's positions and misapplies the law to these inaccurate positions. For the reasons set forth below, the Defendant's assertion that defects pervade the First Amended Complaint is nothing more than wishful thinking.

*COUNT I DOES NOT "RELATE TO" AN ERISA PLAN*

The Defendant's Reply mischaracterizes and incorrectly summarizes the Plaintiff's Response on Count I. Count I is a common law breach of contract action, seeking damages for

HMA's failure to pay Schoen's severance payment upon his termination without cause, and for damages for HMA's breach of its aircraft obligation to Schoen, both of which are separate and independent from HMA's obligation under the SERP.

First, the Defendant is completely incorrect in their Reply to the Plaintiff's Response where they allege Schoen made no concrete effort to respond to their proffered "relates to" test – the Plaintiff directly and specifically addressed the argument on pages 3-5 of his Response.  The problem for the Defendant is that the 11th Circuit has specifically rejected the "relate to" test "[b]ecause the 'relate to' test is of limited utility, [and the Court] must go beyond the unhelpful text and the frustrating difficulty of defining its key term, and look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." *Jones v. LMR International*, Inc., 457 F.3d 1174, 1180 (11th Cir. 2006) (quotations and citations omitted).

In fact, as pointed out in the Plaintiff's Response, this very Court rejected the Defendant's broad and unhelpful "relates to" test in *Novak v. Ackley, Ackley & Wise, D.M.D.'s, P.A.*, and instead looked closely as to whether or not the counts in question were "independent of any rights the Plaintiff may have had under the ERISA plan."  2006 WL 3313852, at *1 (M.D. Fla. Nov. 15, 2006) (unreported decision).  There is simply no question that Schoen's breach of contract claim under Count I is totally and completely independent of the ERISA plan that is the subject of Count II.

The damages claimed under Count I, which have no relation whatsoever to the SERP, arise from allegations of HMA's breach of Employment Agreement with Schoen.  Specifically, these damages are based on the severance payment calculated from Schoen's previous three (3) years W-2 earnings and HMA's failure to abide by its aircraft obligation.  The Defendant

2

attempts to tie Count I into an ERISA discussion by pointing to the following:

1) The employment agreement referenced the SERP;
2) HMA abided by the terms of the Employment Agreement, which included an increase in his SERP benefits; and
3) Schoen's damages are "predicated" on the SERP.

These attempts are fanciful at their worst and disingenuous at best. Schoen is not suing under Count I for increased SERP benefits under the Employment Agreement because **HMA paid those increased SERP benefits over the past thirteen (13) years**. If, for example HMA failed to pay those increased SERP benefits, and Schoen sued under the Employment Agreement for HMAs' failure to pay the benefits, then Schoen's hypothetical cause of action may be pre-empted by ERISA because it would require the adjudication of Schoen's rights under the Employment Agreement and SERP; however, the adjudication of Count I in this case does not require any adjudication under the SERP. In fact, Schoen's W-2 earnings from HMA are black and white and do not require any complicated calculations based on the SERP. Moreover, the aircraft obligation is once again completely independent of any rights or duties under the SERP. Lastly, the mere mention of the SERP in the Employment Agreement is not sufficient to turn Count I into an ERISA cause of action – not only would this be absurd legal principal, but this argument was specifically rejected by this Court in *Novak*.

Secondly, the Defendant attempts to distinguish *Evans* on the difference between "complete preemption" and "defensive preemption"; however, the Defendant ignores the fact that the *Evans*' decision substantively applied the "relate to" test and found that "[e]ven if a 'relate to' analysis were appropriate in the context of Evans' jurisdictional challenge, the Court would reach the same conclusion." *Evans v. Infirmary Health Servs., Inc.*, 634 F. Supp. 2d 1276, 1290 (S.D. Ala. 2009). The Defendant conveniently ignores the *Evans* analysis in this matter and makes no attempt to distinguish the matter at hand from *Evans* on the substance.

3

The alleged breaches of the Employment Agreement plead in Count I, to wit the failure to pay a severance payment and breach of the aircraft obligation, are completely independent of the SERP and therefore are not subject to ERISA preemption.

*THE STATUTE OF FRAUDS DOES NOT APPLY*

Under Florida law, a contract that does not explicitly include an automatic renewal clause may still be renewed by the parties' subsequent acts and performances. *Sullivan v. Colorado Boxed Beef Co.,* 2006 WL 1883447, at *2 (M.D. Fla. July 7, 2006) *citing Rothman v. Gold Master Corp.,* 287 So.2d 735, 736 (Fla. 3d DCA 1974).  When an employee commits to serve for a definite period but continues working afterwards without a new contract, the presumption is that the original contract's terms still apply. *Id.  citing Sultan v. Jade Winds Constr. Corp.,* 277 So.2d 574, 576 (Fla. 3d DCA 1973).  This presumption may be rebutted in two ways. *Id.*  A party may bring forth evidence showing that the contract's terms changed, or, alternatively, prove, by facts and circumstances, that both parties understood that the previous agreement's terms were not to apply to the continued service. *Id.*

Despite the overwhelming Florida case law supporting Schoen's position, the Defendant cites to *Gray v. Prime Mgmt. Grp., Inc.*, to support their proposition that statute of frauds bars the enforcement of the Employment Agreement. 912 So. 2d 711, 713 (Fla. Dist. Ct. App. 2005). Despite the Defendant's straw man argument, the Court in *Gray* specifically limited its holding to covenants not to compete within an employment agreement and plainly stated:

> [w]e agree with the Third District's conclusion that where a written employment contract has expired and the employee has continued working under an oral contract, a covenant not to compete contained in the original contract cannot always be enforced. *Sanz v. R.T. Aerospace Corp.,* 650 So.2d 1057 (Fla. 3d DCA 1995).

*Gray* at 713.  Certainly the renewal of Schoen's employment agreement does not relate to a covenant not compete.  Moreover, the Defendant completely ignores the pleadings in this matter

4

in which Schoen alleges that:

> Moreover, HMA acknowledged and affirmed **the yearly renewal of the Employment Agreement** . . .

First Amended Complaint at ¶20.  (emphasis supplied).  Even assuming *arguendo* the statute of frauds applies (which it does not) the allegation of a yearly renewal of the Employment Agreement removes it from the statute of frauds.  *See  Rubenstein v. Primedica Healthcare, Inc.,* 755 So. 2d 746, 748 (Fla. Dist. Ct. App. 2000).

It is clear from the allegations in the First Amended Complaint that HMA and Schoen continued to operate under the Employment Agreement from 2001 until 2013 after its original termination date, and therefore, under Florida law, the original terms of the Employment Agreement are presumed to apply, which includes the severance payment and aircraft obligation.

## COUNT II IS PROPERLY PLEAD

The Defendant continues to ignore the fact that Schoen made a demand benefit for $14.7 million dollars under the SERP and HMA and/or CHS unilaterally and incorrectly computed a payment of $6,104,267.00, which was $8 million dollars less than the demand and sent it to the Plaintiff without any written explanation.  *See* Complaint ¶¶74-76.  The payment memo attached included only bare bones information and was not accompanied by any detailed explanation that would comply with the SERP or 29 U.S.C.A. 1133.  *Id*.  It is also telling that the Defendant attempts to create a distinction between a demand for benefits prior to payment and after payment, yet cites no authority supporting this supposed distinction.

Moreover, the Defendant cites *Am. Dental Ass'n v. WellPoint Health Networks Inc.* to support its assertion that a request for information is not a demand for administrative review. 494 F. App'x 43, 46 (11th Cir. 2012).  In *Am. Dental Ass'n* the Court specifically pointed to language in the letter in which it stated that the claimant would decide "whether or not to appeal" after

reviewing the records.  *Id.*  There is no allegation in the First Amended Complaint that Schoen reserved his right to appeal after receiving any additional information from HMA.   Moreover, *Am. Dental Ass'n* is inapplicable in this matter because: 1) Schoen made two (2) prior demands for benefits, including one for a specific monetary amount; and 2) HMA never provided any information regarding the manner in which the benefits were calculated.

The Defendant also attempts to distinguish *Curry v. Contract Fabricators Inc. Profit Sharing Plan*, on the basis that Schoen was in possession of the SERP documents.  891 F.2d 842, 849 (11th Cir. 1990) *abrogated by Murphy v. Reliance Standard Life Ins. Co.*, 247 F.3d 1313 (11th Cir. 2001).  While the Court did cite the fact that Curry did not have the plan documents, it was simply one fact that the Court used to determine whether or not Curry had been provided meaningful access to the review procedures.  Specifically, the Court found the following

> CFI controlled the plan's administrative review procedures and exercised its control to deny Curry meaningful access to those procedures . . . [u]ntil Curry could obtain plan documents describing what remedies the plan made available **and documenting the reasons that his claim had been denied**, he was refused meaningful access to those procedures. . . . When a plan administrator in control of the available review procedures denies a claimant meaningful access to those procedures, the district court has discretion not to require exhaustion.

*Id.*  at 846-47. (emphasis supplied). The Defendant fails to acknowledge in their brief that *Curry* stands for a much broader proposition – if a claimant is denied meaningful access to review procedures, the district court has discretion not to require exhaustion.  HMA's response to Schoen's demand is simply insufficient as a matter of law under the SERP, because if **any part of the claim for benefits is denied** HMA must**:**

a) Set forth the specific reasons for the denial;
b) Provide specific references to the provision of the SERP or agreement which the denial is based;
c) Set forth any additional information Schoen should furnish to perfect the claim; and
d) Provide the steps to be taken for a review of the denial.

SERP at § 5.2, attached to the Complaint as Composite Exhibit G.  HMA's failure to provide this required information precluded Schoen from meaningful access to the review procedures.

Lastly, HMA's failure to provide a written response is not some mere "technical" violation of the SERP, ERISA, 29 U.S.C.A. 1133 - the Defendant totally and completely failed to respond in any meaningful way to Schoen's demand for benefits of $14.7 million dollars.  The Defendant continues to ignore the fact that after HMA was acquired by CHS, no information regarding the plan administrator or the process for any administrative appeal was ever provided to Schoen.  In fact, the SERP specifically provided for an accelerated lump sum cash payment upon the change in control of HMA because of concerns that the acquiring company would not honor its obligations to its long term executives, such as Schoen, a concern that appears to be well founded.

### QUANTUM MERUIT IS PROPERLY PLEAD IN THE ALTERNATIVE

Once again, the Defendant conveniently ignores the black letter law that party may plead in the alternative for relief under an express contract when the other party asserts that the contract is invalid. *See In re Managed Care Litig.,* 185 F.Supp.2d 1310, 1337–38 (S.D.Fla.2002) (although Rule 8 permits alternative pleading, "an unjust enrichment claim can only be pled in the alternative if one or more parties contest the existence of an express contract governing the subject of the dispute").

The Defendant continues to assert that the Employment Agreement is invalid beyond 2004 – as a result the Plaintiff is permitted under Rule 8 to plead in the alternative a cause of action for quantum meruit.  It is crystal clear from the Plaintiff's First Amended Complaint that quantum meruit is merely an alternative cause of action to recover the value of the services provided should the Court not enforce the Employment Agreement beyond 2004.

## CONCLUSION

For the reasons stated above, Schoen requests that this Court DENY the Defendant's Motion to Dismiss.

/s/ Thomas B. Garlick
Thomas B. Garlick, Esq.
Florida Bar #324760
tomgarlick@garlaw.com
Trial Counsel

Shaun M. Garry, Esq.
Florida Bar #93412
sgarry@garlaw.com

Attorneys for Plaintiff,
WILLIAM J. SCHOEN
Garlick, Hilfiker, & Swift, LLP
9115 Corsea del Fontana Way,
Suite 100
Naples, Florida 34109
(239) 597-7088 – telephone
(239) 597-6984 - fax

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of November, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notification of such filing to:

Andrew B. Thomson, Esq.
Proskauer Rose LLP
2255 Glades Road, Suite 421 Atrium
Boca Raton, Florida 33431
athomson@proskauer.com

Peter D. Doyle, Esq.
Proskauer Rose LLP
11 Times Square
New York, New York 10036
pdoyle@proskauer.com

/s/ Thomas B. Garlick
Thomas B. Garlick, Esq.
Florida Bar #324760
tomgarlick@garlaw.com
Shaun M. Garry, Esq.
Florida Bar #93412
sgarry@garlaw.com
Attorneys for Plaintiff,
WILLIAM J. SCHOEN
Garlick, Hilfiker, & Swift, LLP
9115 Corsea del Fontana Way,
Suite 100
Naples, Florida 34109
(239) 597-7088 – telephone
(239) 597-6984 - fax